ALFRED CASE *vs.* BENJAMIN PETTEE & another.

No action lies on a replevin bond, the penalty of which is "double the value of the property hereinafter mentioned to be replevied," to be fixed by appraisers, but does not state what that value is; especially if the value of the property is afterwards agreed between the parties, and never fixed by appraisers.

ACTION OF CONTRACT on a bond "in the full and just sum of double the value of the property hereinafter mentioned to be replevied, to be ascertained by three disinterested and discreet persons, appointed and sworn by the officer according to the provisions of the revised statutes, *c.* 113," and which was conditioned that the plaintiff in replevin (one of these defendants) should prosecute the replevin to final judgment, and pay such damages and costs as the defendant in replevin should recover against the plaintiff, and also return the property in case such should be the final judgment.

At the trial in the court of common pleas of this action on the bond, *Bishop,* J. ruled that the bond was valid and binding on these defendants, although the return of the officer who served the writ of replevin stated only that the parties to the replevin having agreed on the value of the property replevied, (which also appeared by an agreement signed by them, and annexed to the return,) he took a bond "in a penalty double the value of the said property, so ascertained, with condition to prosecute," &c., which bond he therewith returned; and that he thereupon replevied the property, and left a summons with the defendant in replevin.

The verdict was for the plaintiff, and the defendants excepted.

*B. Sanford,* for the defendants.

*E. H. Bennett,* for the plaintiff.

SHAW, C. J. A majority of the court are of opinion that this action cannot be maintained.

1. The bond not being given in any penal sum, but only "in the full and just sum of double the value of the property to be replevied, to be ascertained by three disinterested and discreet

persons," &c., is not a good replevin bond. We are aware of the difficulty of executing process in replevin, because the offi- cer must take a bond in double the appraised value, when the parties do not agree on the value, and some steps must be taken towards the execution of the writ before an appraisement can be made. But we think the attempt to avoid the difficulty in the present case, by naming no sum, but using a description which would indicate a very uncertain sum, cannot avail. Per- haps the proper course is sufficiently indicated in the case of *Wolcott* v. *Mead,* 12 Met. 516. This course would seem to be, that the property to be replevied is first pointed out to the offi- cer, then, if the parties do not agree on the value, an appraise- ment is to be made according to the statute, then the bond made and delivered, and then the service completed by the deliv- ery of the goods to the plaintiff.

2. But if this bond were valid in other respects, this action could not be maintained; because the case shows that no sum was ever fixed by appraisers. It appears by the officer's return that the parties agreed on the value, and no appraisers were ever appointed according to the statute. If the maxim, that that is certain which can be made certain, could apply, it would not avail here; because the amount never was made certain by appraisers in the manner pointed out in the penal part of the bond. It is like a penal bond with the sum left blank.

*Exceptions sustained.*